# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Andrew Luckett,

    Petitioner,

v.

David Shinn, et al.,

    Respondents.

No. CV-19-04717-PHX-SRB

**ORDER**

Petitioner Andrew Luckett was convicted of a felony in Arizona state court on June 27, 2018 after pleading guilty. He filed a Notice of Post-Conviction Relief on August 28, 2018 which is still pending before the trial court. On July 19, 2019 Petitioner filed this Petition under 28 U.S.C. §2254 for a Writ of Habeas Corpus. On January 27, 2020, the Magistrate Judge issued her Report and Recommendation recommending that the Petition be dismissed without prejudice because the three factors supporting *Younger* abstention are present [1] and because Petitioner has not exhausted his state remedies. The Magistrate Judge found no extraordinary circumstances that would except Petitioner from *Younger* abstention and no absence of an available state corrective process or circumstances that would render state process ineffective. Petitioner filed timely written Objections to which Respondents filed a Response in Opposition.

Petitioner first claims that only one of the three *Younger* factors is met; namely that state proceedings are ongoing. Petitioner argues in his Objection that he does not have an

---

[1] *Younger v Harris*, 401 U.S. 37 (1971).

adequate opportunity to litigate his federal claims in state court. Petitioner is wrong. Petitioner's challenge to his arrest warrant on Fourth Amendment grounds is a matter that must first be raised and exhausted in his state post-conviction relief proceedings before he can seek federal habeas relief. The fact that he claims he was not given the opportunity to litigate this issue before his conviction does not excuse his obligation to raise this claim in his post-conviction relief petition and exhaust available state remedies.[2]

This Court concludes, as did the Magistrate Judge, that all three *Younger* factors are present and abstention is required. This case does not present, nor has Petitioner argued, any extraordinary circumstances that would allow this Court to proceed while state proceedings were pending.

The gist of Petitioner's Objections concerning the Magistrate Judge's recommendation for dismissal without prejudice on the alternative grounds of failure to exhaust appears to be a claim that he has already tried and failed to convince the state court to address his constitutional claim and has, therefore, exhausted his state court remedies. But from his Objection it is clear that this attempt was made before his conviction and not in his pending post-conviction relief petition. Whatever prior attempts Petitioner made to bring his constitutional claim to the state court, they did not constitute exhaustion. As the Magistrate Judge explained Petitioner can only exhaust this claim by presenting it to the trial court and if relief is not granted to the state appellate court.

IT IS ORDERED overruling Petitioner's Objections to the Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 14)

---

[2] Petitioner does not address the second *Younger* factor in his Objections except for the statement that his Habeas Petition does not implicate important state interests. This Court agrees with the Magistrate Judge that the state has an important interest in assessing and correcting alleged violations of a defendant's rights.

IT IS FURTHER ORDERED granting Respondents' Motion to Dismiss and dismissing the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody without prejudice. (Doc. 12)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find it debatable.

IT IS FURTHER ORDER directing the Clerk to enter judgment accordingly.

Dated this 18th day of March, 2020.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge